***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 21, affirmed March 22, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYLENE DENISE FEATHER,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR13746; A174974

Ulanda L. Watkins, Judge.

Alex Meggitt argued the cause for appellant. Also on the briefs was Oregon Justice Resource Center.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for seven counts of first-degree theft (Counts 2-7 and 12), ORS 164.055; one count of aggravated first-degree theft (Count 13), ORS 164.057; and one count of criminal mistreatment in the first-degree (Count 14), ORS 163.205. Those convictions arose from defendant's conduct in handling the finances of the victim, EB—who was defendant's 96-year-old grandmother—during defendant's tenure as EB's caregiver. In a single assignment of error, defendant challenges the trial court's denial of her motion for judgment of acquittal (MJOA) as to those counts. We affirm.

We review the denial of a motion for judgment of acquittal by "viewing the evidence in the light most favorable to the state to determine if the state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks omitted).

*First-Degree Theft (Counts 2-7 and 12).* The state charged defendant with first-degree theft, alleging that defendant had taken, appropriated, or obtained $1,000 or more from EB by executing transfers from EB's bank accounts to defendant on seven separate occasions between April 29, 2014, and February 28, 2015. Defendant argues that the court erred in denying her MJOA as to those counts, because the evidence was legally insufficient to show that she executed the transfers without EB's voluntary consent or intended to appropriate the money. We disagree.

As relevant here, a person commits first-degree theft when "the person acts with intent to deprive another of property or appropriate property to the person" either "permanent[ly] or so extensive[ly] as to deprive the property owner of the major portion of the economic value or benefit of the property," *State v. Sorrow*, 312 Or App 40, 45, 489 P3d 1127 (2021) (internal quotation marks omitted), and the "value of the property *** is $1,000 or more," ORS 164.055(1)(a).

Here, viewing the evidence in the light most favorable to the state—including EB's frugal spending habits, EB's practice of compensating defendant for caregiving with hand-written checks, EB's "teetering on the edge of dementia," and the multiple electronic transfers made during the period in question from accounts owned by EB to defendant for thousands of dollars in excess of the agreed upon caregiving compensation—a rational factfinder could reasonably infer that defendant appropriated the funds in question without EB's consent. *See Hedgpeth*, 365 Or at 733 ("When a court considers a motion for judgment of acquittal, the question is whether the factfinder reasonably could infer that a particular fact flows from other proven facts"; "a party may rely on reasonable inferences arising from circumstantial evidence to establish elements of a criminal offense."). Accordingly, the trial court did not err in denying defendant's MJOA as to Counts 2-7 and 12.

*Aggravated First-Degree Theft (Count 13)*. The state also charged defendant with aggravated first-degree theft, alleging that defendant had taken, appropriated, or obtained more than $10,000 from EB "on or about" April 1, 2015. *See* ORS 164.057 ("A person commits the crime of aggravated theft in the first degree, if *** [t]he person violates ORS 164.055 *** [and the] value of the property *** is $10,000 or more."). Defendant summarily asserts that the state did not present sufficient evidence to support that claim, because the trial transcript and the report from the state's forensic accountant "do not appear to mention transactions of any amount of money on that date."[1] We disagree; viewed as a whole, the record shows that defendant cashed savings bonds belonging to EB and moved $30,000 of the resulting funds into defendant's personal bank account, and that, approximately two months before EB moved into a care facility in June 2015, defendant used more than $10,000 of those funds toward the purchase of a new car with defendant's name on the title. Viewing that evidence in the light most favorable to the state, a rational factfinder could reasonably infer that defendant appropriated more than $10,000 from EB;

---

[1] We reject without discussion the state's contention that defendant did not adequately preserve her challenge to the denial of her MJOA as to Count 13.

therefore, the trial court did not err in denying defendant's MJOA as to that count.

*First-Degree Criminal Mistreatment (Count 14).* In Count 14, the state charged defendant with first-degree criminal mistreatment, which corresponded with a first-degree theft charge alleged to have occurred between January 1, 2014, and April 30, 2014 (*i.e.*, Count 2). As relevant here, "a person commits first-degree criminal mistreatment if the person, having assumed the care of an elderly person, 'intentionally or knowingly' 'takes' or 'appropriates' the elderly person's money or property for 'any use or purpose not in the due and lawful execution of the person's responsibility.'" *State v. Browning*, 282 Or App 1, 2, 386 P3d 192, *rev den*, 361 Or 311 (2017) (quoting ORS 163.205(1)(b)(D); brackets omitted). That offense requires the state to "prove that the defendant obtained possession of the property without the voluntary consent of the elderly or dependent person." *State v. Bevil*, 280 Or App 92, 106, 376 P3d 294 (2016).

Citing *Bevil*, defendant argues that the evidence supports a conclusion that defendant was authorized to make financial transfers under a valid power of attorney and that EB gifted money to defendant. Having reviewed the evidence in the record in the light most favorable to the state, we conclude that it is legally sufficient to permit a rational factfinder to infer that the transfers in question were not made in the "due and lawful execution" of defendant's responsibilities as EB's caregiver. Further, even assuming the record also supports an inference, as defendant contends, that the transfers were made pursuant to defendant's power of attorney and were intended as gifts from EB, where the established facts support multiple reasonable inferences, then which inference to draw is for the factfinder to decide. *See State v. Rogers*, 301 Or App 393, 398, 457 P3d 363 (2019) (so noting with respect to a jury). Therefore, the trial court did not err in denying defendant's MJOA as to Count 14.

Affirmed.